IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| CHARITY TERSA MARSHALL, | Civil No. 25-00437 MWJS-RT |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND AND DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AS MOOT |
| vs. | |
| WELLS FARGO, et. al, | |
| Defendants. | |

## <u>INTRODUCTION</u>

Before the court is pro se Plaintiff Charity Tersa Marshall's complaint against a number of defendants, including, among others, Wells Fargo Bank, the Federal Bureau of Investigation (FBI), the Central Intelligence Agency (CIA), Union Bank, the State of Hawai'i, the Social Security Administration, and individuals David Jackson and Clara Martin, filed on October 9, 2025.  Dkt. No. 1.  Marshall seeks to proceed in forma pauperis (IFP), that is, without prepayment of fees or security.  Dkt. No. 2.

When an applicant seeks to proceed without prepayment of fees, the court must screen the complaint.  And the court must first ensure that it has the power—or subject matter jurisdiction—to hear the case.  Because Marshall's complaint does not adequately allege that the court has subject matter jurisdiction here, it DISMISSES the

complaint and DENIES the IFP application as moot. But because Marshall may be able to cure the complaint's deficiencies, the court GRANTS her leave to amend.

## DISCUSSION

### A.    Screening of Plaintiff's Complaint

It is difficult to identify any discernible claims in Marshall's complaint. Marshall alleges that defendants, "all businesses" listed in an attachment to the complaint, "involve identity theft and kidnapping," and she appears to suggest defendants were involved in "murder at Buddagaya" and theft of her identity. Dkt. No. 1, at PageID.4. Marshall asks the "federal court to hear [her] case against the people and the companies or corporations that had possible involvement in [her] stolen identity," but as detailed below, the complaint does not contain any discernible factual allegations arising from those claims. *Id*. at PageID.7.

1. Because pro se plaintiffs often face significant hurdles in navigating the court system, courts construe their pleadings liberally. *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). But even pro se plaintiffs must adequately allege subject matter jurisdiction before their actions may proceed in federal court. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). If a plaintiff fails to plead sufficient allegations to show a proper basis for the court to assert subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

In its current form, Marshall's complaint does not provide sufficient detail to adequately allege subject matter jurisdiction.  First, Marshall's complaint appears to suggest the basis for jurisdiction is based on a federal question:  "ownership of federal government property" and "federal prison and kidnapping."  Dkt. No. 1, at PageID.2. Under 28 U.S.C. § 1331, federal district courts have original jurisdiction over all civil cases that involve the Constitution or federal law.  Federal question jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  While Marshall makes allegations of "identity theft" and "kidnapping," it is not readily apparent from the complaint, as alleged, which specific federal statutes these allegations are made under. And although Marshall also makes reference to "federal government property" and "federal prison," such references, even when made to specific parcels of government property, are insufficient to confer jurisdiction on the basis of a federal question. Dkt. No. 1, at PageID.2; *See Shulthis v. McDougal*, 225 U.S. 561, 569–70 (1912).

Second, Marshall's complaint also suggests the court has jurisdiction on the basis of diversity of citizenship.  Dkt. No. 1, at PageID.2.  Federal courts have jurisdiction over civil cases under 28 U.S.C. § 1332(a) when the amount in controversy exceeds $75,000, and the controversy is between "citizens of different States."  The citizenship requirement demands "complete diversity of citizenship between the opposing parties—in other words, Plaintiff must be a citizen of a different state than all of the

defendants." *Gilbert v. Fed. Nat'l Mortg. Ass'n*, Civ. No. 17-00575, 2017 WL 6519017 (D.

Haw. Dec. 20, 2017).  To make such a showing, a plaintiff must allege facts establishing

the citizenship of each defendant.

Here, Marshall's complaint offers possible citizenship across three states:  the

complaint lists a Woodland, California mailing address, Dkt. 1, at PageID.1, but later

states Marshall is a citizen of Colorado.  *Id*. at PageID.2.  The complaint states Marshall's

alias "Buddagaya" is incorporated in Colorado, with a principal place of business in

Hawaiʻi, *Id*., and provides an Aurora, Colorado, address.  *Id*. at PageID.7.  For Marshall

to establish jurisdiction on the basis of diversity of citizenship, she would need to show

that the defendants are neither citizens of California, Colorado, nor of Hawaiʻi.  But

Marshall instead names individual defendants "Marvin" aka "Michael Jordon,"

allegedly a citizen of Hawaiʻi and Africa, as well as Clara Martin, allegedly of Colorado

and the Republic of Ireland.  *Id*. at PageID.2-3.  Moreover, Marshall's stated amount in

controversy is listed as "1 to 4 trillion dollars more or less."  *Id*. at PageID.3.  When, on

the face of the complaint, it "appears to a 'legal certainty' that the plaintiff cannot

actually recover that amount," a court cannot treat that allegation as controlling.

*Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).  That appears to be

the case here.  In short, Marshall has not adequately pleaded diversity jurisdiction, both

because the complaint does not adequately allege facts that establish the complete

diversity of citizenship of the parties (and in fact includes allegations showing that

parties are not completely diverse), and because the amount in controversy appears to be implausible on its face (and, at a minimum, is pled with insufficient particularity).

Third, to the extent that the complaint makes allegations against federal agencies, such as the FBI, the CIA, and the Social Security Administration—among others—those agencies are protected from suit by sovereign immunity.  *See Balser v. Dep't of Just., Off. of U.S. Tr.*, 327 F.3d 903, 907 (9th Cir. 2003) (noting that "[t]he United States, as a sovereign, is immune from suit unless it has waived its immunity" and "any lawsuit against an agency of the United States . . . is considered an action against the United States").  "A court lacks subject matter jurisdiction over a claim against the United States if it has not consented to be sued on that claim."  *Id.*  And here, Marshall has identified no waiver of those agencies' sovereign immunity—meaning that the court lacks jurisdiction.  The same is true of the State of Hawaiʻi, which is immune from suit in federal court unless it has waived its sovereign immunity, or that immunity has been properly abrogated.  *See Dellmuth v. Muth*, 491 U.S. 223, 227 (1989).  Marshall has alleged no facts that would establish either.

For these reasons, Marshall has not met her burden of alleging sufficient facts to show that this court has subject matter jurisdiction over her case.  The complaint therefore is DISMISSED for lack of subject matter jurisdiction.

2.  As a general rule, leave to amend should be freely given when justice so requires.  Fed. R. Civ. P. 15(a)(2).  *See Doe v. United States*, 58 F.3d 494, 497 (9th Cir.1995)

("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.").  Here, Marshall could attempt to cure the complaint's jurisdictional deficiencies through amending her pleadings.

But even if Marshall were able to do so, she would still face screening under the in forma pauperis statute.  When a litigant asks to proceed without prepayment of fees, the court is statutorily required to screen the complaint for other deficiencies.  *See* 28 U.S.C. § 1915(e)(2).  Under that statute, the court must dismiss claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit.  *See id.* § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).  And in evaluating whether a complaint fails to state a valid claim for screening purposes, courts apply the pleading standards in Rule 8 of the Federal Rules of Civil Procedure.  *See Watison*, 668 F.3d at 1112; *Zixiang Li v. Kerry*, 710 F.3d 995, 998 (9th Cir. 2013).  Under Rule 8, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To show an entitlement to relief, however, it is not enough for a complaint to allege "labels and conclusions."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Id.*

6

Here, Marshall's complaint offers no substantive allegations aside from mentioning her identity was allegedly "taken illegally" and asks the court to "give [her] identity back immediately."  Dkt. No. 1, at PageID.7-8.  Such allegations, as currently pled, do not make clear which federal or state laws Marshall relies upon, and as a result, are not sufficient to raise a "right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  Accordingly, should Marshall choose to amend her complaint, she should not only address the complaint's failure to adequately allege subject matter jurisdiction, but also the complaint's failure to adequately allege the facts on which her asserted claims rely.

### B.  Plaintiff's In Forma Pauperis Application

As stated above, Marshall's complaint is dismissed.  The court also DENIES the IFP application as moot and does not decide the application's sufficiency.

### CONCLUSION

For the foregoing reasons, the court DISMISSES Plaintiff's complaint, Dkt. No. 1, with leave to amend and DENIES her IFP application, Dkt. No. 2, as moot.

If Plaintiff elects to file an amended complaint, she must comply with the following requirements:

(1)  The deadline to file an amended complaint is November 13, 2025;

(2)  The amended complaint should be titled "First Amended Complaint";

(3)  Plaintiff must cure the deficiencies identified above.

Plaintiff is cautioned that failure to timely file an amended pleading that conforms with this Order *and* concurrently file a new IFP Application *or* submit the filing fee will result in the automatic dismissal of this action.  Until Plaintiff files an amended pleading and either files a new IFP Application or pays the filing fee, she should not file any other documents in this action.

IT IS SO ORDERED.

DATED:  October 16, 2025, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith
_____
Micah W.J. Smith
United States District Judge

---

Civil No. 25-00437 MWJS-RT; *Marshall v. Wells Fargo Bank et al*; ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND AND DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AS MOOT